UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BARRON PARTNERS, LP,

                                       Docket No: 07-CV-11135 (JSR)

                      Plaintiff

        - against -

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY A. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC, and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                      Defendants
-----------------------------------------------------------X

## MOTION OF SETTLING DEFENDANTS FRED FITZSIMMONS AND DAVID FLEISNER FOR A SETTLEMENT BAR ORDER

## TABLE OF AUTHORITIES

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(f)(7)(A) (1998). . . . . . . . . . . . . . . 4

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(f)(10)(C)(i) (1998). . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BARRON PARTNERS, LP,

                              Docket No: 07-CV-11135 (JSR)

                Plaintiff

       - against -

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY A. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC, and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                Defendants
-------------------------------------------------------------X


## MOTION OF SETTLING DEFENDANTS FRED FITZSIMMONS AND DAVID FLEISNER FOR A SETTLEMENT BAR ORDER

Settling Defendants Fred Fitzsimmons ("Fitzsimmons") and David Fleisner ("Fleisner") (collectively "Settling Defendants"), through their attorneys, move for a settlement bar order. Plaintiff, Barron Partners, LP, has no objection to this motion. In support of this motion, the Settling Defendants state as follows:

1. Barron's claims arise out of, *inter alia*, Defendants' alleged violations of Rule 10b-5 of the Securities Exchange Act.

2. On February 26, 2008, Barron and the Settling Defendants fully and finally settled Barron's claims against the Settling Defendants in this matter by executing a written Settlement Agreement. (A copy of the Settlement Agreement is attached hereto as Exhibit A).

3. In pertinent part, the Private Securities Litigation Reform Act (the "PSLRA") states that,

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other

3

persons.  Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action.  The order shall bar all future claims for contribution arising out of the action (i) by any person against the settling covered person; and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

PSLRA, 15 U.S.C. § 78u-4(f)(7)(A) (1998).

4.  The PSLRA defines a "covered person" as any "defendant in any private action arising under this chapter." PSLRA, 15 U.S.C. §78u-4(f)(10)(C)(i)(1998).  Thus, the Settling Defendants are "covered persons."

5.  Accordingly, the Settling Defendants and Barron move for entry of a settlement bar order pursuant to Section 78u-4(f)(7)(A) of the PSLRA. (A proposed settlement bar order is attached hereto.)

**Wherefore**, for all of the foregoing reasons, Defendants Fred Fitzsimmons and David Fleisner respectfully request that this Court enter the attached Settlement Bar Order.

Dated: April 7, 2008                        Respectfully submitted,

EDWARD T. JOYCE & ASSOCIATES, P.C.

By:  __/s/ Arthur W. Aufmann_____
           Arthur W. Aufmann

Roger R. Crane, Jr. (RC 0469)
Nixon Peabody LLP
437 Madison Avenue
New York, NY  10022
212.940.3000

Arthur W. Aufmann (Admitted Pro Hac Vice)
Edward T. Joyce & Associates, P.C.
11 South LaSalle Street, Suite, 1600
Chicago, Illinois 60603
312.641.2600
Attorney No. 32513

*Attorneys for Defendants Fred Fitzsimmons and David Fleisner*

4

## SETTLEMENT AGREEMENT

**THE SETTLEMENT AGREEMENT** (hereinafter "Settlement Agreement") is entered into as of February 26, 2008, by and between Barron Partners, LP ("Barron") and two of the defendants named in Barron's federal court lawsuit (the "Lawsuit"),[1] David Fleisner and Fred Fitzsimmons ("Fleisner/Fitzsimmons").

## RECITALS

**WHEREAS**, Barron has filed the Lawsuit against Fleisner/Fitzsimmons.

**WHEREAS**, Fleisner/Fitzsimmons deny each and every allegation of wrongdoing asserted against them by Barron, and neither this Settlement Agreement, nor any document or action referred to herein, nor the consideration provided for herein, is or may be construed as an admission by Fleisner/Fitzsimmons of any fault, wrongdoing or liability whatsoever.

**WHEREAS**, the parties recognize that this is a settlement of a disputed claim.

**WHEREAS**, the parties desire to fully settle and finally resolve all claims, matters and controversies between themselves that are or could have been the subject matter of the Lawsuit, according to the terms and conditions herein.

**NOW THEREFORE**, in consideration of the promises and of the mutual covenants and agreements contained herein and for value received, it is hereby agreed as follows:

1.      **Incorporation by Reference**

The above Recitals are incorporated into this Settlement Agreement by reference herein as though fully set forth herein.

---

[1]      *Barron Partners, LP v. Lab 123, et al.*, No. 07 CV 11135, in the United States District Court for the Southern District of New York.

2.    **Covenant Not To Sue**

Upon satisfaction of all Settlement Conditions required by paragraph 4 of this

Agreement, Barron, individually and on behalf of its partners, agents, investors and assigns,

hereby (a) covenants not to sue Fleisner/Fitzsimmons in any forum (including but not limited to

state and/or federal courts and arbitration tribunals) on any civil claims, civil actions, civil

demands and rights and civil causes of action, whether for damages, injunctive or other equitable

relief, costs, expenses and claims for attorney's fees which arise out of, or are in any way

connected with the facts and circumstances alleged in the Lawsuit; (b) agrees to dismiss

Fleisner/Fitzsimmons from the Lawsuit; and (c) agrees to support a finding that this is a good

faith settlement under any/all applicable contribution laws.

Upon satisfaction of all Settlement Conditions required by this Agreement,

Fleisner/Fitzsimmons, individually and on behalf of the agents, heirs, executors and assigns,

hereby (a) covenant not to sue Barron, its partners, agents, investors, employees, principals and

assigns in any forum (including but not limited to state and/or federal courts and arbitration

tribunals) on any civil claims, civil actions, civil demands and rights and civil causes of action,

whether for damages, injunctive or other equitable relief, costs, expenses and claims for

attorney's fees which arise out of, or are in any way connected with the facts and circumstances

alleged in the Lawsuit.

3.    **Further Reservation of Rights**

It is the intent of this Settlement Agreement to preserve Barron's rights and claims

against all persons or entities (including, but not limited to, the other defendants named in the

Lawsuit) other than Fleisner/Fitzsimmons, and nothing herein shall be construed to in any

manner release or discharge such other persons or entities.

4.    **Settlement Conditions**

Fleisner/Fitzsimmons agree to make themselves available to Barron's counsel for a personal interview, cooperate with Barron's counsel during that interview, answer all questions honestly and thoroughly, and execute the preparation of affidavits regarding the facts revealed during that interview and any other personal knowledge that they may have about the subjects, claims, parties or issues of the Lawsuit. Promptly thereafter, the parties to this Settlement Agreement (through counsel) shall execute stipulations to dismiss the Lawsuit (only as to Fleisner/Fitzsimmons) while reserving their rights pursuant to paragraph 3 of this Agreement and shall obtain an Order by the United States District Court for the S.D.N.Y. dismissing the claims against Fleisner/Fitzsimmons by reason of this good faith settlement.

5.    **Effect of Non-Satisfaction of Condition**

If Fleisner/Fitzsimmons fail to reasonably perform their obligations under paragraph 4 above, and do not cure said breach as provided for in this paragraph, then and only then this Settlement Agreement shall be null and void. In that instance, Barron shall have the absolute right to amend its pleadings in the Lawsuit to add and/or include Fleisner/Fitzsimmon as defendants in that action.

If Barron asserts that Fleisner/Fitzsimmons have failed to perform their obligations under paragraph 4, counsel for Barron must give written notice within thirty (30) days of determining such nonperformance to counsel for Fleisner/Fitzsimmons. In the notice, counsel must outline what they deem as non-performance and specifically state why Fleisner/Fitzsimmons are in breach of this Settlement Agreement. Fleisner/Fitzsimmons shall have thirty (30) days from the date of the notice to cure the nonperformance as outlined in the notice by counsel for Barron.

In the event that Barron breaches its obligations under this Agreement, Fleisner/Fitzsimmons can seek specific performance with the only issue to be determined whether Fleisner/Fitzsimmons breached Section 4 of this Settlement Agreement and did not cure that breach. In the event any party breaches this Settlement Agreement, the breaching party shall be liable for such damages arising out of the breach, including but not limited to all attorneys' fees and costs incurred in enforcing this Settlement Agreement.

**6.    Counterparts**

Barron and Fleisner/Fitzsimmons may execute this Settlement Agreement through counsel and in several counterparts, each of which shall be deemed an original. All counterparts shall constitute one Settlement Agreement, binding on all of the parties, regardless of whether all parties are signatories to the same counterpart. Facsimile signatures shall be considered the same as originals.

**7.    Amendments**

This Settlement Agreement may not be amended or modified except by a writing, signed by all parties hereto or by their respective attorneys, as authorized.

**8.    Entire Settlement Agreement**

All of Barron's and Fleisner/Fitzsimmons' agreements, covenants, representations and warranties, expressed or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.

**9.    Choice of Law**

This Settlement Agreement, to the extent not governed by federal law, shall be construed and interpreted in accordance with the laws of the State of Illinois.

10.    **Further Representations and Warranties**

Barron and Fleisner/Fitzsimmons hereby represent and acknowledge that they have not assigned or otherwise transferred any interest in the claims or potential claims that are the subject of this Settlement Agreement to any other person, entity or government agency, that each individual party and/or attorney for a party executing this Settlement Agreement has full authority to execute this Settlement Agreement on behalf of the party for which he/she purports to act, and full authority to bind said party to the terms hereof, and that they have entered into this Settlement Agreement of their own free will and in accordance with their own judgment upon advice of their own legal counsel. It is understood and agreed that this settlement is made in good faith and as an arms length transaction under the supervision of the attorneys for the parties hereto, it being the intention that Fleisner/Fitzsimmons be discharged from all liability for contribution to any other alleged tortfeasor or potentially liable party. The parties acknowledge that they are relying upon the representations contained herein in entering into this Settlement Agreement. The parties' counsel who sign this Agreement represent and warrant that they are fully authorized to do so on behalf of their respective clients.

11.    **Confidentiality**

The terms of this Settlement Agreement shall be and shall remain confidential and shall not be disclosed to any person other than: (i) the parties to this Agreement and their officers, directors, accountants, attorneys and auditors or its affiliated companies; (ii) as required by law; (iii) as required to fulfill or enforce the obligations of this Settlement Agreement; and (iv) by written consent by the parties that would be affected by the disclosure.

12.    **Good Faith Settlement**

This Settlement Agreement is the product of arms length negotiation and negotiated in good faith. As such and pursuant to all applicable contribution laws, it is the parties' intent that Fleisner/Fitzsimmons shall not be jointly or severally liable for any judgments or awards entered in favor of Barron against any or all other defendants.

IN WITNESS WHEREOF, Barron and Fleisner/Fitzsimmons have executed this Settlement Agreement on the date hereinafter subscribed.

Date: 2/26/08

_____
Counsel for Barron Partners, LP

Date: 2-22-08

_____
Counsel for Fleisner/Fitzsimmons

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

BARRON PARTNERS, LP,

Docket No: 07-CV-11135 (JSR)

Plaintiff

- against -

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY A. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC, and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

Defendants
-------------------------------------------------------------X

## <u>Settlement Bar Order</u>

This matter comes before the Court on a motion by settling Defendants Fred Fitzsimmons ("Fitzsimmons") and David Fleisner ("Fleisner") (collectively, "Settling Defendants"), unopposed by Plaintiff Barron Partners, LP ("Barron"), due notice having been given and the Court being advised, it is hereby ORDERED that:

1. On February 26, 2008, the Settling Defendants and Barron executed a binding settlement agreement with respect to Barron's claims in this case before entry of a final judgment;

2. Pursuant Section 78u-4(f)(7)(A) of the Private Securities Litigation Reform Act ("PSLRA"), the Settling Defendants are hereby forever discharged of all obligations to Barron arising out of this action;

3. Pursuant Section 78u-4(f)(7)(A)(i) of the PSLRA, all future claims against the Settling Defendants for contribution arising out of this action are barred; and,

4. Pursuant Section 78u-4(f)(7)(A)(ii) of the PSLRA, all future claims for contribution arising out of this action by the Settling Defendants against any person are barred.

**ENTERED**

_____