Case 1:07-cv-11135-JSR    Document 24-17    Filed 05/08/2008    Page 1 of 3

## Todd Kremin

| | |
|---|---|
| **From:** | Robert Trumpy |
| **Sent:** | Thursday, June 08, 2006 3:45 PM |
| **To:** | 'mcs@barronpartners.com' |
| **Subject:** | Biosafe LOI |
| **Attachments:** | Barron Letter of Intent 6-5-06a.doc |

Matt, here is a reline of the LOI. Hopefully, changes work for you folks.

Rob Trumpy, CPA
SVP and CFO
BioSafe Medical Technologies, Inc.
100 Field Drive, Suite 240
Lake Forest, IL 60045
Work:847-234-8111
Fax:847-234-8222
rtrumpy@ebiosafe.com

Exhibit 15



**LETTER OF INTENT FOR BIOSAFE MEDICAL TECHNOLOGIES, INC. ("BIOSAFE")**

| Deleted: Company |

June 1, 2006

Henry A. Warner
Chairman and CEO
Biosafe Medical Technologies, Inc.

Dear Mr. Henry Warner,

The following outlines the structure of the stock purchase by Barron Partners LP.

**Assumptions:**
1) $1.85 million in run-rate seasonal adjusted annualized EBITDA minus $0.40 million in additional legal and public costs and $0.18 million recurring capital expenditures from BIOSAFE licensed products to public shell ("Company")
2) $0.0 million in total debt at closing
3) Company pays all closing costs and any banking fees at closing out of proceeds
4) Board of directors shall be composed of five or seven directors of which a majority shall be independent
5) Acquisition of Company, a fully listed shell on either the AMEX, OTC BB, or Pink Sheets
6) 6.21 million total fully diluted shares outstanding pre Barron investment
7) 10.0 million total fully diluted shares outstanding post Barron investment
8) Company and subsidiaries must be fully reporting with SEC as condition of closing and have full audits complete
9) Barron will require a due diligence fee which will cover all our expenses of $85,000.00 out of proceeds at closing
10) BIOSAFE will required execution by Company of license agreement for the products licensed to Company
11) Each party will pay and be solely responsible for its own expenses

| **Formatted:** Bullets and Numbering |

**Security Terms:**
1) Fixed Price Convertible Preferred Securities
2) No Coupon or Dividend attached to the Convertible Preferred Security
3) Barron will not have any board seats or control provisions
4) Barron can never convert into more than 4.9% of the common stock at any given time.
5) Barron will not short the stock or use any market based metrics within its investment.

**Total Initial Purchase Price:**
$2.0 million cash
Equities to be purchased: 3.774 million shares at $0.53 per share

**Warrants:**
Warrants to purchase 1.887 million shares of common stock at $0.80 per share, which would yield additional proceeds to the Company of $1.50 million upon exercise
Warrants to purchase 1.887 million shares of common stock at $1.10 per share, which would yield additional proceeds to the Company of $2.075 million upon exercise
Upon exercise the warrants would yield proceeds to the Company of $3.576 million at an average price of $0.95 per share.
Total financing upon exercise of warrants at exercise price plus common stock purchased would yield $5.576 million at an average price per share of $0.74.

**Exclusivity:**
Upon acceptance of this letter, the Management of the Company will grant an exclusive due diligence period until July 30, 2006, whereby Barron its agents will be given reasonable access to the Company's facilities, management personnel, customers and its financial and legal records. During this time the Company and its employees, consultants and advisors will not and will cause the Company not to entertain, solicit or respond to any other offers from any other prospective buyers or merger partners, and will not provide any non public information to any other prospective buyers or merger partners. During the term of this letter of intent the Company and Barron agree that Barron will be the exclusive investor, and will utilize a valuation based upon the Barron Intrinsic Value formula. Proceeding with the contemplated investment is based upon satisfactory completion of due diligence by Barron. BioSafe reserves the right to refuse any change to the offer as described above.

| **Deleted:** The Company agrees to indemnify and hold Barron harmless for any losses, costs and expenses including professional fees that Barron may suffer or incur upon breach of this Letter of Intent. This indemnity will survive the expiration or termination of this letter of intent. |

**Term:**

730 Fifth Avenue, 25th Floor, New York, NY 10019 Tel: 212-359-0200 Fax: 646-607-2223

This offer is valid through July 31, 2006. All obligations and rights will expire if a closing has not occurred or definitive agreement has not been signed by July 31, 2006.

Agreed and Acknowledged,

_____

Barron Partners
Andrew Barron Worden

_____

Biosafe Medical Technologies, Inc.
Henry Warner