UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BARRON PARTNERS, LP,

                         Plaintiff,                    Docket No.: 07-CV-11135 (JSR)

                     -against-

LAB123, INC., HENRY A. WARNER, FRED         ECF CASE
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY J. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC. and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                         Defendants.

-------------------------------------------------------------X

## OPPOSITION OF DEFENDANTS LAB123, INC., HENRY WARNER, KENT B. CONNALLY, ROBERT TRUMPY, JEREMY J. WARNER, BIOSAFE LABORATORIES, INC., AND BIOSAFE MEDICAL TECHNOLOGIES, INC. TO THE PROPOSED SETTLEMENT BAR ORDER

      Defendants Lab123, Inc., ("Lab123"), Biosafe Laboratories, Inc., ("Biosafe Labs"), Biosafe Medical Technologies, Inc., ("BMT"), Henry A. Warner, Kent B. Connally, Robert Trumpy, and Jeremy J. Warner, (collectively "remaining defendants")[1] respectfully object to the settlement bar order (See Docket # 10) proposed by defendants Fred Fitzsimmons and David Fleisner ("the settling defendants"). As explained below, the remaining defendants do not object to a settlement, but believe that the language of the proposed order ignores the pertinent provisions of the Private Securities Litigation Reform Act ("PSLRA"). Accordingly, the remaining defendants respectfully request that the Court enter a slightly revised proposed order, which is attached as Exhibit 1. There is good cause for this request.

---

[1] The parties have submitted a stipulation dismissing defendant Kurt Katz from this action.

The PSLRA provides for joint and several liability among all responsible persons. See 15 U.S.C.A. § 78u-4(f). However, the PSLRA encourages early settlements by allowing any settling party to "be discharged from all claims of contribution brought by other persons." 15 U.S.C.A. § 78u-4(f)(7)(A). However, the PSLRA expressly states that any resulting judgment "shall be reduced," 15 U.S.C.A. § 78u-4(f)(7)(B), by either "an amount that corresponds to" the settling person's responsibility, 15 U.S.C.A. § 78u-4(f)(7)(B)(i), or by the amount paid by the settling person, 15 U.S.C.A. § 78u-4(f)(7)(B)(ii), whichever is greater. In addition, under the PSLRA, a settlement bar order only discharges liability that arises "out of the action." 15 U.S.C.A. § 78u-4(f)(7)(A).

The remaining defendants object to the settlement order proposed by the settling defendants because it ignores these provisions of the PSLRA. Indeed, the settling defendants' proposed order does not provide for any reduction of the judgment in an amount that corresponds to their liability as required by the PSLRA.[2] Furthermore, the settlement between plaintiff, Barron Partners L, ("Barron") and the settling defendants is expressly conditioned upon the settling defendants' cooperation with Barron. Significantly, Fleisner was the president of BMT and a director of BMT and Biosafe Labs, and Fitzsimmons was a director of BMT, Biosafe Labs, and Lab123. Thus, both settling defendants owe fiduciary duties to BMT and Biosafe, and Fitzsimmons also owes a fiduciary duty to Lab123. To the extent that either of the settling defendants provide Barron with inaccurate information that is detrimental to BMT, Biosafe Labs, and/or Lab123, they will breach their fiduciary duties to these entities. Accordingly, the language of the settling defendants' proposed order is too broad. This is particularly true in light of the fact that the parties have not completed discovery in this action.

---

[2] Although the settlement agreement does not provide for any payment by the settling defendants, to the extent that there is any liability at all, the settling defendants may be jointly and severally liable.

2

Thus, although the remaining defendants do not object to a settlement between Barron and the settling defendants, they object to the language of the settling defendants' proposed settlement bar order. Accordingly, the remaining defendants respectfully request that the Court enter a settlement order which reflects the fact that any judgment that Barron may obtain must be reduced by the percentage of the settling defendants' liability in accordance with 15 U.S.C.A. § 78u-4(f)(7)(B) and that preserves the right of the corporate defendants to pursue an action for breach of fiduciary duty against the settling defendants in the event that they breach their fiduciary duties. The remaining defendants therefore request that the Court enter the order attached hereto as Exhibit 1, or a similar order which expressly provides for a reduction of any ultimate judgment by the settling defendants' percentage of responsibility and the corporate defendants' right to bring an action for breach of fiduciary duty, if necessary.

## CONCLUSION

For the foregoing reasons, the remaining defendants object to the settlement bar order proposed by the settling defendants and respectfully request that the Court enter the order attached hereto as Exhibit 1.

Respectfully submitted,

/s/ Janene Marasciullo
Janene Marasciullo (*pro hac vice*)
Todd Kremin (TK0102)
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

I, **TODD D. KREMIN, ESQ.**, attorney for Defendants, LAB123, INC., BIOSAFE LABORATORIES, INC., BIOSAFE MEDICAL TECHNOLOGIES, INC., HENRY A. WARNER, KENT B. CONNALLY, ROBERT TRUMPY and JEREMY J. WARNER, do hereby certify that a true and correct copy of the OPPOSITION OF DEFENDANTS LAB123, INC., HENRY WARNER, KENT B. CONNALLY, ROBERT TRUMPY, JEREMY J. WARNER, BIOSAFE LABORATORIES, INC., AND BIOSAFE MEDICAL TECHNOLOGIES, INC. TO THE PROPOSED SETTLEMENT BAR ORDER was filed electronically with the Court using the CM/ECF system, which sent notification to the following parties:

> Barry R. Lax, Esq.
> Lax & Neville, LLP
> Attorneys for Plaintiff
> 1412 Broadway
> Suite 1407
> New York, NY 10018
> (212) 696-1999

First Class Mail Only

> Arthur W. Aufmann, Esq.
> Edward T. Joyce & Associates, P.C.
> Attorneys for Settling Defendants
> 11 South LaSalle St., Suite 1600
> Chicago, Illinois 60603
> (312) 641-2600

Dated: May 8, 2008

> /s/ Todd D. Kremin
> TODD D. KREMIN, ESQ. (TK-0102)

ND: 4832-3975-8594, v. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BARRON PARTNERS LP,                              Docket No.: 07-CV-11135 (JSR)

                Plaintiff,

   -against-

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMAY A. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC., and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                Defendants

------------------------------------------------------------X

### Settlement Bar Order

This matter comes before the Court on a motion by settling Defendants Fred Fitzsimmons ("Fitzsimmons") and David Fleisner ("Fleisner") (collectively, "Settling Defendants"), unopposed by Plaintiff Barron Partners, LP ("Barron"), due notice having been given and the Court being advised, it is hereby ORDERED that:

1. On February 26, 2008, the Settling Defendants and Barron executed a binding settlement agreement with respect to Barron's claims in this case before entry of a final judgment;

2. Pursuant to Section 78u-4(f)(7)(A) of the Private Securities Litigation Reform Act ("PSLRA"), the Settling Defendants are hereby forever discharged of all obligations to Barron arising out of this action;

3. Pursuant to Section 78u-4(f)(7)(A)(i) of the PSLRA, all future claims against the Settling Defendants for contribution for any verdict or judgment in this action are barred; and,

**Exhibit 1**

4. Pursuant to Section 78u-4(f)(7)(A)(ii) of the PSLRA, all future claims for contribution for any verdict or judgment in this action by the Settling Defendants against any person are barred;

5. Pursuant to Section 78u-4(f)(7)(B)(ii), any judgment entered against the remaining defendants will be reduced by the amount that corresponds to the Settling Defendants' percentage of responsibility.

6. This order does not prevent Lab123, Inc., Biosafe Laboratories, Inc., or Biosafe Medical Technologies, Inc. from bringing an action against the Settling Defendants for breach of fiduciary duty.

**ENTERED:**

_____

ND: 4852-6645-9394, v. 1