UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BARRON PARTNERS, LP,

                              Plaintiff

    - against -

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY A. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC, and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                             Defendants
-------------------------------------------------------------X

Docket No: 07-CV-11135 (JSR)

**SETTLING DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR ENTRY OF A SETTLEMENT BAR ORDER**

1

## TABLE OF AUTHORITIES

*Manley v. Ambase Corp.*, 126 F. Supp. 2d 743 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BARRON PARTNERS, LP,

                         Plaintiff

    - against -

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY A. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC, and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                         Defendants
------------------------------------------------------------X

Docket No: 07-CV-11135 (JSR)

## SETTLING DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR ENTRY OF A SETTLEMENT BAR ORDER

Settling Defendants Fred Fitzsimmons and David Fleisner have moved for a settlement bar order under the PSLRA. Their proposed order contains the following four paragraphs:

1. On February 26, 2008, the Settling Defendants and Barron executed a binding settlement agreement with respect to Barron's claims in this case before entry of a final judgment;

2. Pursuant Section 78u-4(f)(7)(A) of the Private Securities Litigation Reform Act ("PSLRA"), the Settling Defendants are hereby forever discharged of all obligations to Barron arising out of this action;

3. Pursuant Section 78u-4(f)(7)(A)(i) of the PSLRA, all future claims against the Settling Defendants for contribution arising out of this action are barred; and,

4. Pursuant Section 78u-4(f)(7)(A)(ii) of the PSLRA, all future claims for contribution arising out of this action by the Settling Defendants against any person are barred.

In response, the Remaining Defendants, LAB 123, Inc. et al., have filed a so-called "opposition" that does <u>not</u> object to any of the four proposed paragraphs. Instead, the Remaining Defendants seek to add two additional paragraphs to the four unopposed paragraphs.

First, the Remaining Defendants argue that if the plaintiff obtains a judgment against them, and if that judgment assigns a percentage of responsibility to the Settling Defendants, then the Remaining Defendants would be entitled to have the judgment against them reduced by the amount that corresponds to the Settling Defendants' percentage of responsibility. Accordingly, the Remaining Defendants argue that the following paragraph should be added to the Settling Defendants' proposed order:

> 5. Pursuant to Section 78u-4(f)(7)(B)(ii), any judgment entered against the remaining defendants will be reduced by the amount that corresponds to the Settling Defendants' percentage of responsibility.

The Settling Defendants believe that the above referenced paragraph accurately reflects Section 78u-4(f)(7)(B)(ii) of the PSLRA, and therefore they have no objection to proposed paragraph 5.

Second, the Remaining Defendants argue--without citation to any legal authority--that the Settling Defendants continue to owe fiduciary duties to the corporate defendants. The Remaining Defendants' legal position is wrong. Given the undisputed fact that the Settling Defendants are no longer officers, directors or employees of those corporations, the Settling Defendants do not owe any fiduciary duties to those corporations. *Manley v. Ambase Corp.*, 126 F.Supp.2d 743, 756-757 (S.D.N.Y. 2001). Thus, the Remaining Defendants are not entitled to their proposed paragraph 6:

> 6. This order does not prevent Lab123, Inc., Biosafe Laboratories, Inc. or Biosafe Medical Technologies, Inc. from bringing an action against the Settling Defendants for breach of fiduciary duty.

Additionally, the Remaining Defendants are not entitled to their proposed paragraph 6 because (a) the purpose of a settlement bar order is to describe the effects of a settlement under the PSLRA, but (b) proposed paragraph 6 has nothing to do with the PSLRA.

Therefore, for all of the above stated reasons, the Settling Defendants respectfully request that the Court enter their proposed four paragraph settlement bar order, as amended to include the Remaining Defendants' proposed paragraph 5.

Dated: May 15, 2008                             Respectfully submitted,

                                                EDWARD T. JOYCE & ASSOCIATES, P.C.

                                                By:    /s/ Arthur W. Aufmann
                                                       Arthur W. Aufmann

Roger R. Crane, Jr. (RC 0469)
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
212.940.3000

Arthur W. Aufmann (Admitted Pro Hac Vice)
Edward T. Joyce & Associates, P.C.
11 South LaSalle Street, Suite, 1600
Chicago, Illinois 60603
312.641.2600
Attorney No. 32513

*Attorneys for Defendants Fred Fitzsimmons and David Fleisner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

BARRON PARTNERS, LP,

                                    Docket No: 07-CV-11135 (JSR)

              Plaintiff

       - against -

LAB123, INC., HENRY A. WARNER, FRED FITZSIMMONS, KENT B. CONNALLY, KURT KATZ, ROBERT TRUMPY, JEREMY A. WARNER, DAVID FLEISNER, BIOSAFE LABORATORIES, INC, and BIOSAFE MEDICAL TECHNOLOGIES, INC.,

              Defendants
---------------------------------------------------------------X

## Settlement Bar Order

This matter comes before the Court on a motion by settling Defendants Fred Fitzsimmons ("Fitzsimmons") and David Fleisner ("Fleisner") (collectively, "Settling Defendants"), unopposed by Plaintiff Barron Partners, LP ("Barron"), due notice having been given and the Court being advised, it is hereby ORDERED that:

1. On February 26, 2008, the Settling Defendants and Barron executed a binding settlement agreement with respect to Barron's claims in this case before entry of a final judgment;

2. Pursuant Section 78u-4(f)(7)(A) of the Private Securities Litigation Reform Act ("PSLRA"), the Settling Defendants are hereby forever discharged of all obligations to Barron arising out of this action;

3. Pursuant Section 78u-4(f)(7)(A)(i) of the PSLRA, all future claims against the Settling Defendants for contribution arising out of this action are barred;

4. Pursuant Section 78u-4(f)(7)(A)(ii) of the PSLRA, all future claims for contribution arising out of this action by the Settling Defendants against any person are barred; and

5. Pursuant to Section 78u-4(f)(7)(B)(ii), any judgment entered against the remaining defendants will be reduced by the amount that corresponds to the Settling Defendants' percentage of responsibility.

                                                               **ENTERED**

                                                          _____