# EXHIBIT F

## WEBSITE LEASE/PURCHASE AGREEMENT

This Website Lease/Purchase Agreement (this "Agreement"), made and effective this 1st day of March, 2007, by and between Lab123, Inc. a Delaware corporation (the "Company"), and Hard Six Productions, Inc., an Illinois corporation (the "Lessor").

### WITNESSETH

WHEREAS, the Company is engaged in the business of marketing of clinical diagnostic products for use in disease detection and prevention;

WHEREAS, the Lessor owns the domain name HomeWellnessTests.com" and has designed a website operating under such domain name (collectively, the "Website") that the Company desires to use on an exclusive basis to market the Company's products;

WHEREAS, the parties to this Agreement agree that it would be in their mutual interests to formalize their contractual relationship;

NOW THEREFORE, for and in consideration of the premises and mutual covenants and agreements hereinafter contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto covenant and agree as follows:

### ARTICLE 1

1.1. Subject to the terms and conditions of this Agreement, for the term of this Agreement the Lessor hereby leases to the Company and the Company hereby leases from the Lessor on an exclusive basis, the Website.

1.2. The term of this Agreement shall commence on March 1, 2007 and expire on December 31, 2007, subject to earlier purchase of the Website by the Company.

1.3. The Company shall pay to the Lessor as rent for the Website $5,000 per month, payable in advance on or before the first calendar day of each month during the term hereof.

1.4 On or before December 31, 2007 the Company shall purchase from the Lessor all of the Lessor's right, title and interest to the Website for a purchase price of $50,000. In the event the Company purchases the Website prior to December 31, 2007 the term of this Lease shall continue until immediately prior to the effective time of the purchase and the Lessor shall return to the Company the prorated portion of the monthly rent paid in advance by the Company for the month in which the purchase is consummated.

1.5 The Lessor shall not be obligated to provide to the Company any domain name and hosting services for the Website. However, Lessor has prepaid the domain name fees and hosting service fees through December 31, 2007 which benefit will transfer to the Company upon execution of this agreement. The Lessor may provide programming support services to the Company relating to the Website at such fees as may be agreed upon by the parties

1.6. The above-noted rent includes all applicable taxes. The Lessor shall be liable for all federal, state and income taxes payable in respect of all amounts payable under this Agreement. The Lessor agrees that additional fees relating to taxes may be payable under this Agreement and it agrees to indemnify and save harmless the Company, and any of the Company's officers, directors or servants from any demands or liability in respect of any taxes or levies in respect of the amounts payable under this Agreement.

1.7 The Company shall have no liability to the Lessor for any amounts other than as set out in this Agreement.

MAR-5-2007 14:09 FROM:CHRISTOPHER H. WARNE 8187664430         TO:18472348222         P.2/3

1.8 Either party may terminate this Agreement without advance notice if the other party ceases to function as a going concern; admits in writing its inability to pay its debts generally as they become due; becomes, or is declared, bankrupt or insolvent; makes, or is deemed to have made, an assignment for the benefit of creditors; seeks the protection of any legislation for the benefit of bankrupt or insolvent debtors; a liquidator, trustee in bankruptcy, custodian, receiver, or any other person with similar powers is appointed over all or part of its assets or applied for; a petition under a bankruptcy or insolvency statute is filed by or against it; or an application is made in respect of it under a company creditors arrangement statute; and the termination of this Agreement in such circumstances shall be effective immediately prior to the occurrence of any of the foregoing events.

## ARTCLE 2
## MISCELLANEOUS

2.1. It is understood and agreed that the relationship between the Company and the Lessors is that of independent contractors only. Nothing in this Agreement shall be interpreted or deemed to constitute or create the relationship of partner, principal, agent, employee, employer, joint venturer, franchisee, legal representative or other legal relationship. No party shall have the authority to bind the other party or to assume or create any obligation or responsibility whatsoever on behalf of or in the name of the other party.

2.2. Any notice required or permitted to be given hereunder shall be in writing and shall be deemed to be delivered: (a) on the day of delivery in person; (b) one day after deposit with an overnight courier, fully prepaid; (c) on the date sent by facsimile transmission; (d) on the date sent by e-mail, if confirmed by facsimile; or (e) six days after being sent by registered mail (return receipt requested).

2.3. Any notice permitted or required under the Agreement must be in writing and be sent to the following address, or at such other reasonable address at which personal or electronic delivery may be effected at which a party has given notice:

To the Lessor:

Hard Six Productions, Inc.
5718 Camillia Avenue, Suite 206
North Hollywood, CA 91601
Attn: Christopher H. Warner, President
Telephone: (818) 415-3015
Facsimile: (818) 415-3015

To the Company:

Lab123, Inc.
100 Field Drive, Suite 240
Lake Forest, Illinois 60045
Attn: Mary M. Rodino, President
Telephone: (847) 234-8111
Facsimile: (847) 234-8222

Either party may change any particulars of its address for service by notice to the other in the manner stated above.

2.4 Entire Agreement. This Agreement constitutes the entire Agreement between the parties with respect to all matters herein, and there are no other agreements in connection with this subject matter except as specifically set forth or referred to in this Agreement. This Agreement supersedes all prior agreements and understandings relating to the subject matter.

261

MAR-5-2007 14:10 FROM:CHRISTOPHER H. WARNE 8187664430    TO:18472348222    P.3/3

2.5 <u>Governing Law</u>. This Agreement will in all respects be governed exclusively by and construed in accordance with the internal laws of the state of Illinois.

2.6 <u>Amendments</u>. This Agreement may only be amended if such amendment is confirmed in writing by both parties.

2.7 <u>Assignment</u>. Each party has the right to assign, transfer or otherwise subcontract all or any part of its rights or obligations under this Agreement without the consent of the other, provided that the assigning party will remain primarily responsible for the fulfillment of its obligations hereunder.

2.8 <u>Successors</u>. This Agreement shall inure to the benefit of and be binding upon the parties to the Agreement and their respective successors and permitted assigns.

2.9. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had all signed the same document. All counterparts shall be construed together and shall constitute one and the same original document. Each party may deliver a counterpart signature page by facsimile transmission.

2.9. <u>Severability</u>. If any portion of this Agreement is declared invalid or unenforceable, it shall be severed and the remaining portion of this Agreement shall nevertheless remain in full force and effect.

2.10. <u>Waivers</u>. A waiver of any default, breach, or non-compliance under this Agreement is not effective unless in writing and signed by the party to be bound by the waiver. No waiver will be inferred from or implied by any failure to act or delay in acting by a party in respect of any default, breach or non-observance or by anything done or omitted to be done by the other party. Any waiver by a party of any default, breach or non-compliance under this Agreement will not operate as a waiver of that party's right under this Agreement in respect of any continuing or subsequent default, breach or non-observance.

2.11. <u>Headings</u>. The headings used in this Agreement are for the convenience of reference only and do not form part of or affect the interpretation of this Agreement.

2.12. <u>Time</u>. Time is of the essence of this Agreement and of every provision hereof.

2.13. <u>Further Assurances</u>. The parties hereto agree to do all such other things and to take all such other actions as may be necessary or desirable to give full effect to the terms of this Agreement.

2.14. <u>Number and Gender</u>. Unless the context requires otherwise, words importing the singular include the plural and vice versa and words importing gender include all genders.

* * * * *

IN WITNESS WHEREOF this Agreement is executed by the parties as follows:

HARD SIX PRODUCTIONS, INC.

By: _____    3/5/07
Name: Christopher H. Warner
Title: President

AB123, INC.

By: _____    3/5/07
Name: Mary M. Rodino
Title: President