UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BARRON PARTNERS, LP,

                     Plaintiff,

              -against-

LAB123, INC., HENRY A. WARNER, FRED
FITZSIMMONS, KENT B. CONNALLY, KURT
KATZ, ROBERT TRUMPY, JEREMY J. WARNER,
DAVID FLEISNER, BIOSAFE LABORATORIES,
INC. and BIOSAFE MEDICAL TECHNOLOGIES,
INC.,

                    Defendants.

-----------------------------------------------------------------X

Docket No.: 07-CV-11135 (JSR)

**DEFENDANTS' ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIM**

       For their Answer to Plaintiff's First Amended Complaint, Defendants Lab123, Inc.

("Lab123"), Biosafe Medical Technologies, Inc. ("BMT"), Biosafe Laboratories, Inc. ("Biosafe

Labs"), Henry A. Warner and Robert Trumpy (collectively "Defendants"),[1] by their attorneys,

Kaufman Dolowich & Voluck LLP, respond as follows:

## AS AND FOR DEFENDANTS' RESPONSES

1.     The allegations in paragraph 1 of the First Amended Complaint are conclusions of law

      and mischaracterizations of fact to which no response is required; to the extent they are

      deemed allegations of fact, they are denied.

2.     The allegations in the first sentence of paragraph 2 of the First Amended Complaint are

      conclusions of law and mischaracterizations of fact to which no response is required; to

      the extent they are deemed allegations of fact, they are denied.  Admit the allegations in

---

[1]     By Order dated July 25, 2008, the Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of jurisdiction.  Additionally, by Stipulation and Order filed on May 8, 2008, Docket Entry No. 21, the First Amended Complaint was dismissed against Kurt Katz.

the second sentence of paragraph 2 of the First Amended Complaint that Henry Warner was CEO and Chairman of the Board of Directors of BMT and Chairman of the Board of Directors of Biosafe Labs.  By way of further answer to the allegations in the second sentence of paragraph 2 of the First Amended Complaint, Defendants aver that Henry Warner was Chairman of the Board of Directors of Lab123 until August 7, 2007.  The remaining allegations in paragraph 2 of the First Amended Complaint are conclusions of law, mischaracterizations of fact and argument which no response is required; to the extent they are deemed allegations of fact, they are denied.

3.      The allegations in paragraph 3 of the First Amended Complaint are conclusions of law, mischaracterizations of fact and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

4.      The allegations in paragraph 4 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

5.      The allegations in paragraph 5 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the Opinion and Order of the Court dated July 25, 2008, dismissed this action against Defendants Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

6.      The allegations in paragraph 6 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that this Court dismissed the First

Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

7.    The allegations in paragraph 7 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

8.    The allegations in paragraph 8 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that the Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

9.    The allegations in paragraph 9 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that the Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

10.    The allegations in paragraph 10 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

11.   The allegations in paragraph 11 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

12.   The allegations in paragraph 12 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

13.   The allegations in paragraph 13 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

14.   The allegations in paragraph 14 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

15.   The allegations in paragraph 15 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that this Court

dismissed the First Amended Complaint against Kent B. Connally and Jeremy J. Warner for lack of personal jurisdiction.

16. Admit that Lab123 entered into a Preferred Stock Purchase Agreement with Plaintiff. The remaining allegations in paragraph 16 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the Preferred Stock Purchase Agreement is the best evidence of its contents.

17. Admit.

18. The allegations in paragraph 18 of the First Amended Complaint contain misleading quotations from the Stock Purchase Agreement, and therefore are denied.  By way of further answer, Defendants aver that the Preferred Stock Purchase Agreement is the best evidence of its contents.

19. Admit that Lab123 is a Delaware Corporation.  Deny the remaining allegations in paragraph 19 of the First Amended Complaint.

20. Admit that Guzov Ofsink, LLC ("Guzov Ofsink") provided legal services to Lab123. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of the First Amended Complaint.

21. The allegations in paragraph 21 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver, upon information and belief, that Guzov Ofsink did not act solely in the interest of Lab123.

22.    Admit.

23.    The allegations in paragraph 23 of the First Amended Complaint are conclusions of law
       to which no response is required.  To the extent the allegations in paragraph 23 are
       deemed allegations of fact, Defendants deny the allegations that Guzov Ofsink filed
       Lab123's SEC filings.  By way of further answer, Defendants aver, upon information and
       belief, that Vintage Filings, LLC performed the filing of Lab123's various filings with
       the SEC.  Deny the allegation that Guzov Ofsink communicated with the SEC by letter
       for lack of knowledge or information sufficient to form a belief about the truth of the
       allegation.  Deny the remaining allegations in paragraph 23 of the First Amended
       Complaint.

24.    Admit that Sichenzia Ross Firedman Ference LLP ("Sichenzia Ross") provided legal
       services to Lab123 in connection with Lab123's SEC filings and by way of further
       answer, Defendants aver, upon information and belief, that Sichenzia Ross did not act
       solely in the interest of Lab123.  Defendants lack knowledge and information sufficient
       to form a belief about the truth of the remaining allegations in paragraph 24 of the First
       Amended Complaint.

25.    Admit.

26.    The allegations in the first sentence of paragraph 26 of the First Amended Complaint are
       conclusions of law and mischaracterizations of fact to which no response is required; to
       the extent they are deemed allegations of fact, they are denied. Defendants admit that
       Marcum & Kliegman LLP ("Marcum & Kliegman") provided accounting services to
       Lab123 but deny that Marcum & Kliegman served as "independent auditors."

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 26 of the First Amended Complaint.

27.    Admit the allegations in the first sentence of paragraph 27 of the First Amended Complaint that representatives from BMT and Biosafe Labs met with Pfizer in New York.  Deny the allegation in the first sentence of paragraph 27 of the First Amended Complaint that Henry Warner met with Pfizer representatives in New York.   Defendants deny the allegations in the second sentence of paragraph 27 of the First Amended Complaint for lack knowledge and information sufficient to form a belief about the truth of those allegations.

28.    The allegations in the first sentence of paragraph 28 of the First Amended Complaint are mischaracterizations of fact to which no response is required.  To the extent they are deemed allegations of fact, they are denied.  Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 28 of the First Amended Complaint. Defendants deny the allegations in the third sentence of paragraph 28 of the First Amended Complaint.

29.    The allegations in the first sentence of paragraph 29 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in the second and third sentences of paragraph 29 of the First Amended Complaint.

30.    The allegations in the first sentence of paragraph 30 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

31.     Admit.

32.     The allegations in paragraph 32 of the First Amended Complaint are conclusions of law to which no response is required; to the extent the allegations in paragraph 32 of the First Amended Complaint are deemed allegations of fact, defendants deny that Biosafe labs was required to designate an assistant lab director.

33.     The allegations in paragraph 33 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied, but admit the remaining allegations.

34.     The allegations in paragraph 34 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

35.     The allegations in paragraph 35 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

36.     The allegations in paragraph 36 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

37.     The allegations in paragraph 37 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

38.     Admit that BMT, Biosafe Lab, Lab123, and Henry Warner had telephone conversations with Plaintiff.  The remaining allegations in paragraph 38 of the First Amended

Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

39. Admit that Defendants exchanged e-mails with Plaintiff. By way of further answer, Defendants aver that the e-mails are the best evidence of their contents. The remaining allegations in paragraph 39 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

40. The allegations in paragraph 40 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

41. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 41 of the First Amended Complaint. The allegations in the second sentence of paragraph 41 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

42. The allegations in the first sentence of paragraph 42 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further answer, Defendants aver that an accurate description of Lab123 is contained in its registration statement filed with the SEC. Defendants admit the allegations in the second sentence of paragraph 42 of the First Amended Complaint that Lab123's common stock is not currently listed on an exchange. The remaining allegations in the second sentence of paragraph 42 of the First

Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

43.  Deny the allegations contained in the first sentence of paragraph 43 of the First Amended Complaint.  Admit the allegations contained in the second sentence of paragraph 43 of the First Amended Complaint.

44.  Deny the allegations contained in the first sentence of paragraph 44 of the First Amended Complaint.  Admit the allegations in the second sentence of paragraph 44 of the First Amended Complaint.  Admit the allegation in the third sentence of paragraph 44 of the First Amended Complaint that BMT transferred all of its patents to Biosafe Labs in 2007. Deny the remaining allegations in paragraph 44 of the First Amended Complaint.

45.  Admit.

46.  The allegations in the first sentence of paragraph 46 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent the allegations in the first sentence of paragraph 46 of the First Amended Complaint are deemed allegations of fact, Defendants admit the allegation in the first sentence of paragraph 46 of the First Amended Complaint that Robert Trumpy is a resident of Illinois and was the Chief Financial Officer of BMT from November 24, 2003 through January 1, 2008 but deny the remaining allegations in the first sentence of paragraph 46 of the First Amended Complaint.  The allegations in the second and third sentences of paragraph 46 of the First Amended Complaint are conclusion of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

47.    The allegations in the first sentence of paragraph 47 are conclusions of law and mischaracterizations of fact to which no response is required; to the extent the allegations in the first sentence of paragraph 47 of the First Amended Complaint are deemed allegations of fact, Defendants admit that Mr. Warner is a resident of Illinois and has been Chief Executive Officer and Chairman of the Board of BMT, and Chairman of the Board of Biosafe Labs and Lab123, but deny the remaining allegations in the first sentence of paragraph 47 of the First Amended Complaint.  Admit the allegations in the second sentence of paragraph 47 of the First Amended Complaint that Henry Warner was Chief Executive Officer of BMT and Chairman of the Board of BMT and Biosafe Labs, but deny the remaining allegations in the second sentence of paragraph 47 of the First Amended Complaint.  The allegations in the third and fourth sentences of paragraph 47 of the first amended complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

48.    The allegations in the first sentence of paragraph 48 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent the allegations in the first sentence of paragraph 48 of the First Amended Complaint are deemed allegations of fact, Defendants admit that Jeremy J. Warner was a resident of Illinois and held the position of Director of Business Development for BMT, but deny the remaining allegations in the first sentence of paragraph 48 of the First Amended Complaint.  The allegations in the second and third sentences of the First Amended complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

49.     The allegations in the first sentence of paragraph 49 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent the allegations in the first sentence of paragraph 49 of the First Amended Complaint are deemed allegations of fact, Defendants admit that Mr. Connally became a member of Lab123's Board of Directors of Lab123, and its audit and compensation committees, on September 29, 2006.  Defendants deny the remaining allegations in first sentence of paragraph 49 of the First Amended Complaint.  The allegations in the second and third sentences of paragraph 49 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

50.     The allegations in paragraph 50 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the First Amended Complaint.

52.     The allegations in the first sentence of paragraph 52 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Defendants admit the allegations in the second sentence of paragraph 52 of the First Amended Complaint.  The remaining allegations in paragraph 52 of the complaint are mischaracterizations of fact to which no response s required; to the extent they are deemed allegations of fact, they are denied.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of

the allegations in the first and third sentences of paragraph 53 of the First Amended

Complaint.  Admit the allegations in the second sentence of paragraph 53 of the First

Amended Complaint that Plaintiff's requested that BMT and Biosafe Labs complete one

of Plaintiff's standard due diligence forms, Form MDR (the "Questionnaire").

Defendants lack knowledge and information sufficient to form a belief about the truth of

the remaining allegations in the second sentence of paragraph 53 of the First Amended

Complaint.

54.     Admit the allegations in the first sentence of paragraph 54 of the First Amended

Complaint that on August 14, 2006, Mr. Trumpy responded to the Questionnaire by e-

mail.  Deny the remaining allegations in the first sentence of paragraph 54 of the First

Amended Complaint.  Deny the allegations in the second sentence of paragraph 54 of the

First Amended Complaint, and by way of further answer, Defendants aver that the

responses to the Questionnaire are the best evidence of their contents.

55.     The allegations in paragraph 55 of the First Amended Complaint are mischaracterizations

of fact to which no response is required; to the extent they are deemed allegations of fact,

they are denied.  By way of further answer, Defendants aver that the responses to the

Questionnaire are the best evidence of their contents.

56.     The allegations in paragraph 56 of the First Amended Complaint are conclusions of law

and mischaracterizations of fact to which no response is required; to the extent they are

deemed allegations of fact, they are denied.  By way of further answer, Defendants aver

that the responses to the Questionnaire are the best evidence of their contents.

57.    The allegations in the first and second sentences of paragraph 57 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

   a.   Deny.  By way of further answer, Defendants aver that Biosafe Labs honored the terms of the Licensing Agreement between Biosafe Labs and Lab123.

   b.   Deny.  By way of further answer, the Licensing Agreement between Biosafe Labs and Lab123 expressly stated that the distribution rights granted to Lab123 specifically excludes sales to pharmaceutical companies, such as Johnson & Johnson.

   c.   Deny.

   d.   Deny the allegations in the first and second sentence of paragraph 57.d. of the First Amended Complaint.  By way of further answer, Defendants aver that The Ultimate Health Club, Inc. was defunct at the time of the transaction between Lab123 and Plaintiff.   Admit the allegations in the third sentence of paragraph 57.d. of the First Amended Complaint. By way of further answer, Defendants aver that The Ultimate Health Club, Inc. was defunct at the time of the transaction between Lab123 and Plaintiff.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of paragraph 57.d. of the First Amended Complaint.

   e.   Deny.  By way of further answer, Defendants aver that Chris Warner set up a website to sell Anemia Meters that he purchased from Lab123.

f.  The allegations in paragraph 57.f. of the First Amended complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

    1)  Admit the allegations in the first sentence of paragraph 57.f.1 of the First Amended Complaint.  Admit the allegation in the first clause of the second sentence of paragraph 57.f.1 of the First Amended Complaint that Mr. Warner sent Mr. Samuel and e-mail dated July 31, 2006.  The allegation in the second clause of second sentence of paragraph of paragraph 57.f.1 is a mischaracterization of fact, and is denied, and by way of further answer, Defendants aver the July 31, 2005 e-mail is the best evidence of its contents.  The remaining allegations in paragraph 57.f.1 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

    2)  The allegations in paragraph 57.f.2 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the e-mails referenced in paragraph 57.f.2 of the First Amended Complaint are the best evidence of their contents.

58.  Admit the allegations in the first sentence of paragraph 58 of the First Amended Complaint that BMT and Biosafe Labs responded to the Questionnaire. The remaining allegations in the first sentence of paragraph 58 of the First Amended Complaint are

mischaracterizations of fact to which no response is required; to the extent the allegations in the first sentence of paragraph 58 of the First Amended Complaint are deemed allegations of fact, Defendants aver that the responses to the Questionnaire are the best evidence of their contents.  The allegations in the second sentence of paragraph 58 are conclusions of law mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

59.    Admit the allegations in the first clause of the first sentence of paragraph 59 of the First Amended Complaint that BMT and Biosafe Labs responded to the Questionnaire. The remaining allegation in paragraph 59 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the responses to the Questionnaire are the best evidence of their contents.

60.    The allegations in paragraph 60 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

61.    Admit the allegations in the first sentence of paragraph 61 of the First Amended Complaint that BMT and Biosafe Labs responded to the Questionnaire. The remaining allegation in paragraph 61 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.   By way of further answer, Defendants aver that the responses to the Questionnaire are the best evidence of their contents.

62.    The allegations in paragraph 62 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

63.    Admit the allegations in the first and second sentences of paragraph 63 of the First Amended Complaint.  By way of further answer, Defendants aver that the Licensing Agreement between Biosafe Labs and Lab123 is the best evidence of its content.   Deny the allegations in the third sentence of paragraph 63 of the First Amended Complaint.

64.    Admit the allegations in the first sentence of paragraph 64 that the Questionnaire asked certain questions, and by way of further answer, Defendants aver that the Questionnaire is the best evidence of its contents.  Admit the allegations in the second sentence of paragraph 64 that Biosafe Labs and Lab123 responded to the Questionnaire, and by way of further answer, Defendants aver that the responses to the Questionnaire are the best evidence of their contents.   The allegations of the third and fourth sentences of paragraph 64 are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact.

65.    Admit the allegations in the first sentence of paragraph 65 that BMT and Biosafe Labs responded to the Questionnaire, and by way of further answer, Defendants aver that the responses to the Questionnaire are the best evidence of their contents.  The allegations in the second and third sentences of paragraph 65 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

66.    The allegations in paragraph 66 of the First Amended Complaint are conclusions of law and misrepresentations of fact to which no response is required; to the extent the

allegations in paragraph 66 of the First Amended Complaint are deemed allegations of fact, Defendants admit that BMT and Biosafe Labs responded to the Questionnaire, but deny that Defendants represented that the License Agreement was the only royalty, licensing, or other significant agreement, and by way of further answer, Defendants aver that the responses to the Questionnaire are the best evidence of their contents.

67. The allegations in paragraph 67 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

68. The allegations in first and second sentences of paragraph 68 are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the e-mails and documents referenced in the first and second sentence of paragraph 68 of the First Amended Complaint are the best evidence of their contents. Admit the allegation in the first clause of the third sentence of paragraph 68 of the First Amended Complaint that Mr. Warner sent Plaintiff an e-mail on May 23, 2006. The remaining allegations in the third sentence of paragraph 68 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied and by way of further answer, Defendants aver that the May 23, 2006 e-mail is the best evidence of its contents.  The remaining allegations in paragraph 68 are conclusions of law, mischaracterizations of fact and argument to which no response is required; to the extent that the remaining allegations in paragraph 68 of the First Amended Complaint are deemed allegations of fact, they are denied.

18

69.   Admit the allegations in the first sentence of paragraph 69 of the First Amended
      Complaint that Plaintiffs itself established the valuation of its investment in Lab123.  The
      remaining allegations in the first sentence of paragraph 69 of the First Amended
      Complaint are conclusions of law and mischaracterizations of fact to which no response
      is required; to the extent they are deemed allegations of fact, they are denied. The
      allegations in the second sentence of paragraph 69 of the First Amended Complaint are
      conclusions of law, mischaracterizations of fact, and argument to which no response is
      required; to the extent that the allegations in the second sentence of paragraph 69 are
      deemed allegations of fact, Defendants lack knowledge and information sufficient to
      form a belief about their truth.  Admit the allegation in the third sentence of paragraph 69
      of the First Amended Complaint that Plaintiff drafted the deal documents for the
      transaction with Lab123.  The remaining allegations in the third sentence of paragraph 69
      of the First Amended Complaint are conclusions of law and mischaracterizations of fact
      to which no response is required; to the extent they are deemed allegations of fact, they
      are denied.

70.   Admit the allegation in the first clause of the first sentence of paragraph 70 of the First
      Amended Complaint that Mr. Trumpy sent to Plaintiff a revised letter of Intent.  Deny the
      remaining allegations of the first sentence of paragraph 70 of the First Amended
      Complaint, and by way of further answer, Defendants aver that the revised Letter of
      Intent reflected input from Defendants and Plaintiff, and the Revised Letter of Intent is
      the best evidence of its contents.  The allegations in the second sentence of paragraph 70
      of the First Amended Complaint are mischaracterizations of fact and arguments to which
      no response is required; to the extent they are deemed allegations of fact, they are denied,

and by way of further answer, Defendants aver that Plaintiff's contributed to the content

of the quoted portion of the Letter of Intent.  The allegations in the third sentence of

paragraph 70 of the First Amended Complaint are conclusions of law and

mischaracterizations of fact to which no response is required; to the extent they are

deemed allegations of fact, they are denied.

71.    The allegations of paragraph 71 of the First Amended Complaint are mischaracterizations

of fact and arguments to which no response is required; to the extent they are deemed

allegations of fact, they are denied, and by way of further answer, Defendants aver that

the revised Letter of Intent is the best evidence of its contents.

72.    Admit the allegations in the first sentence of paragraph 72 of the First Amended

Complaint.  Admit the allegations in the first clause of the second sentence of paragraph

72 that the revised projections decreased the future projected revenue of Lab123.  The

remaining allegations in paragraph 72 of the First Amended Complaint are conclusions of

law and mischaracterizations of fact to which no response is required; to the extent they

are deemed allegations of fact, they are denied.

73.    Defendants lack knowledge or information sufficient to form a belief about the

allegations in the first sentence of paragraph 73 of the First Amended Complaint.  Admit

the first clause of the second sentence of paragraph 73 of the First Amended Complaint

that Mr. Trumpy sent Plaintiff a document entitled "Biosafe Medical Technologies, Sales

by Customer Summary", and by way of further answer, Defendants aver that the

document entitled "Biosafe Medical Technologies, Sales by Customer Summary" is the

best evidence of its contents.  The remaining allegations in the second sentence and the

allegations in the third fourth and fifth sentences of paragraph 73 of the First Amended

Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

74.    The allegations contained in paragraph 74 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By was of further answer, Defendants aver that the Sales by Customer Summary is the best evidence of its contents.

75.    The allegations in paragraph 75 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that CVS's purchase orders described the terms of payment as "net days: 30".

76.    The allegations in paragraph 76 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, CVS's purchase orders described the terms of payment as "net days: 30".

77.    The allegations in paragraph 77 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that they advised Plaintiff that the terms of payment on the Walgreens sales was "pay-on-scan".

78.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 78 of the First Amended Complaint. The allegations in the second sentence of paragraph 78 are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are

denied.  Admit the allegations in the third sentence of paragraph 78 of the First Amended

Complaint that Mr. Warner sent an e-mail to Plaintiff, and by way of further answer,

Defendants aver that the June 20, 2006 e-mail is the best evidence of its contents.    The

allegations contained in the fourth and fifth sentences of paragraph 78 of the First

Amended Complaint are conclusions of law and mischaracterizations of fact to which no

response is required; to the extent they are deemed allegations of fact, they are denied.

79.    Admit the allegation in the first sentence of paragraph 79 of the First Amended

Complaint that Mr. Trumpy sent an e-mail to Plaintiff, and by way of further answer,

Defendants aver that the e-mail referenced in the first sentence of paragraph 79 is the best

evidence of contents.  The remaining allegations in the first sentence and the allegations

in the second sentence of paragraph 79 of the First Amended Complaint are conclusions

of law and mischaracterizations of fact to which no response is required; to the extent

they are deemed allegations of fact, they are denied.

80.    Admit the allegations in the second clause of the first sentence of paragraph 80 of the

First Amended Complaint that Mr. Trumpy sent an e-mail to Plaintiff on July 27, 2006,

and by way of further answer, Defendants aver that the July 27, 2006 e-mail is the best

evidence of its contents.  The remaining allegations in the first sentence and the

allegations in the second and third sentences of paragraph 80 of the First Amended

Complaint are conclusions of law and mischaracterizations of fact to which no response

is required; to the extent they are deemed allegations of fact, they are denied.

81.    The allegations in paragraph 81 of the First Amended Complaint are conclusions of law

and mischaracterizations of fact to which no response is required; to the extent they are

deemed allegations of fact, they are denied, and by way of further answer, Defendants

aver that the document referenced in paragraph 81 of the First Amended Complaint is the best evidence of its contents.

82.  The allegations contained in the first sentence paragraph 82 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Admit the allegations in the first clause of the second sentence of paragraph 82 of the First Amended Complaint that Mr. Warner sent Mr. Samuel an e-mail dated July 31, 2006, and by way of further answer, Defendants aver that the e-mail referenced in the second sentence of paragraph 82 of the First Amended Complaint is the best evidence of its contents.  The remaining allegations in the second sentence of paragraph 82 are mischaracterizations of fact and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.  The allegations in the third sentence of paragraph 82 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

83.  The allegations contained in paragraph 83 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied, and by way of further answer, Defendants aver that the e-mails referenced in paragraph 83 of the First Amended Complaint are the best evidence of their contents.

84.  Admit the allegations in the first clause of the first sentence of paragraph 84 of the First Amended Complaint that Plaintiff prepared its own intrinsic value and earnings calculations.  The remaining allegations in paragraph 84 of the First Amended Complaint

are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

85.     Admit the allegation in the first sentence of paragraph 85 of the First Amended Complaint that on August 9, 2006, plaintiff sent an e-mail to Mr. Warner and Mr. Trumpy, and by way of further answer, Defendants aver that the August 9, 2006 e-mail is the best evidence of its contents.  The remaining allegations in the first sentence of paragraph 85 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 85 of the First Amended Complaint. Admit the allegation in the third sentence of paragraph 85 that Preferred Stock Purchase Agreement contained section 4.16; the remaining allegations in the third sentence of paragraph 85 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent the remaining allegations in the third sentence of paragraph 85 of the First Amended Complaint are deemed allegations of fact, they are denied, and by way of further answer, Defendants aver that the Preferred Stock Purchase Agreement is the best evidence of its contents.

86.     Admit the allegation in the first sentence of paragraph 86 of the First Amended Complaint that on August 10, 2006, Mr. Warner sent an e-mail to Plaintiff, and by way of further answer, Defendants aver that the August 10, 2006 e-mail is the best evidence of its content. The remaining allegations in the first sentence and the allegations in the second and third sentences of paragraph 86 of the First Amended Complaint are

conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

87.    The allegations in paragraph 87 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

88.    Admit the allegations in the first sentence of paragraph 88 of the First Amended Complaint.  The remaining allegations in paragraph 88 of the First Amended Complaint are conclusion of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

89.    The allegations in paragraph 89 are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

90.    Admit the allegations in the first sentence of paragraph 90 of the First Amended Complaint.  Admit the allegation in the first clause of the second sentence of paragraph 90 that Mr. Fitzsimmons was a member of the Board of Directors of BMT.  The remaining allegations in the second sentence of paragraph 90 of the First Amended Complaint are conclusion of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

91.    The allegations in the first and second sentences of paragraph 91 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied. Admit the allegations of the third sentence of paragraph 91 of the First Amended Complaint.

92.   Admit the allegations in the first clause of the first sentence of paragraph 92 of the First Amended Complaint that Mr. Fitzsimmons wrote a March 16, 2007 memorandum, and by way of further answer, Defendants aver that the March 16, 2007 memorandum referenced in paragraph 92 of the First Amended Complaint is the best evidence of its contents. The remaining allegations in paragraph 92 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied

93.   Admit the allegation in paragraph 94 of the First Amended Complaint that on March 19, 2007, Henry Warner sent an e-mail to Fred Fitzsimons, and by way of further answer, Defendants aver that the March 19, 2007 e-mail is the best evidence of its contents and stated: "Please be advised that you have been removed as a director of Lab123, Inc., effective March 17 by the shareholders." The remaining allegations in paragraph 93 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

94.   Admit the allegation in the first clause of the first sentence of paragraph 94 of the First Amended Complaint that Henry Warner sent a March 19, 2007 e-mail to Plaintiff and Mary Rodino. The allegation in the second clause of first sentence of paragraph 94 is a selective quote that mischaracterizes the March 19, 2007 e-mail, and is therefore denied, and by way of further answer, Defendants aver that the March 19, 2007 e-mail to Ms. Rodino and Plaintiff is the best evidence of its contents. The remaining allegations in the first sentence and the allegations in the second sentence of paragraph 94 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

95.    The allegations in paragraph 95 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

96.    Admit the allegation in the first sentence of paragraph 96 of the First Amended Complaint that Plaintiff requested that BMT and Biosafe Labs complete Plaintiff's director/officer background form.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence and the allegations in the second sentence of paragraph 96 of the First Amended Complaint.

97.    Admit the allegations in the first sentence of paragraph 97 of the First Amended Complaint that BMT and Biosafe Labs provided responses to Plaintiff's Director and Officer Form.  Deny the allegations in the second sentence of paragraph 97 of the First Amended Complaint.

98.    Admit the allegations in the first and second clauses of the only sentence of paragraph 98 of the First Amended Complaint that BMT and Biosafe Labs provided responses to Plaintiff's Director and Officer Form.  By way of further answer, Defendants aver that the responses to the Director and Officer Form are the best evidence of their contents. The remaining allegations in paragraph 98 of the First Amended Complaint are mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

99.    The allegation in the first clause of the only sentence of paragraph 99 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent it is deemed an allegation of fact, it is denied.  Admit the allegation in the third clause of the only sentence of paragraph 99 that Mr. Warner

had a non-employee relationship with The Ultimate Health Club.  Deny the remaining allegations in paragraph 99.

100.   Admit the allegations in the first sentence of Paragraph 100 of the First Amended Complaint that that Henry Warner is the managing member of Renraw, LLC which is the majority shareholder of BMT; and admit that the Ultimate Health Club is a subsidiary of BMT.  The remaining allegations in the first sentence and the allegations in the second sentence of paragraph 100 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

101.   The allegations in paragraph 101 of the First Amended Complaint are conclusions of law, mischaracterizations of fact and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

102.   Admit the allegation in the first clause of the first sentence of paragraph 102 of the First Amended Complaint that Lab123 entered into a Preferred Stock Purchase Agreement with Plaintiff, and by way of further answer, Defendants aver that the Preferred Stock Purchase Agreement is the best evidence of its contents. The remaining allegations in the first sentence of paragraph 102 of the First Amended Complaint are conclusion of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Admit the allegation in the second sentence of paragraph 102 of the First Amended Complaint that Plaintiff wired $2,000,000 to the escrow company on September 6, 2006; but deny knowledge and information sufficient to form a belief about the truth of the remaining allegations in the second sentence of paragraph 102 of the First Amended Complaint.  Admit the

allegations in the third sentence of paragraph 102 of the First Amended Complaint.  The allegations in the fourth sentence of paragraph 102 are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

103.    The allegations in the first sentence of paragraph 103 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that Plaintiff was previously advised that the payment terms with Walgreens were "pay-on-scan."  Admit the allegations in the second sentence of paragraph 103 of the First Amended Complaint that Mr. Trumpy sent Plaintiff a spreadsheet, and by way of further answer, Defendants aver that the September 21, 2006 spreadsheet is the best evidence of its contents.  The remaining allegations in the second sentence, and the allegations in the third, fourth and fifth sentences of paragraph 103 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required, to the extent they are deemed allegations of fact, they are denied.

104.    Denied.

105.    Admit the allegations in the first sentence of paragraph 105 of the First Amended Complaint.  The allegations in the second and third sentences of paragraph 105 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

106.  Admit the allegation in the first sentence of paragraph 106 of the First Amended Complaint, and by way of further answer, Defendants aver that the October 20, 2006 letter is the best evidence of its form and contents.   Admit the allegations in the second sentence of paragraph 106 of the First Amended Complaint.  The allegations in the third sentence of the paragraph 106 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, admit that Lab123 submitted a revised SB-2/A to the SEC on November 22, 2006, and by way of further answer, Defendants aver that the revised SB-2/A is the best evidence of its contents.  The remaining allegations in the third sentence of paragraph 106 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Admit the allegations in the fourth sentence of paragraph 106 of the First Amended Complaint.  The allegations of the fifth sentence of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

107.  Admit the allegations in the first sentence of paragraph 107 of the First Amended Complaint.  Deny the allegations of the second sentence of paragraph 107 of the First Amended Complaint for lack knowledge or information sufficient to form a belief about the truth of those allegations.  The remaining allegations in paragraph 107 of the First Amended Complaint are conclusions of law, mischaracterizations of fact and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

108.   Admit the allegations in the first, second and third sentences of paragraph 108 of the First
       Amended Complaint.  Deny the allegations in the fourth sentence of paragraph 108 of the
       First Amended Complaint for lack of knowledge or information sufficient to form a
       belief about the truth of those allegations.

109.   Deny the allegations contained in the first sentence of paragraph 109 of the First
       Amended Complaint.  The allegations in the second sentence of paragraph 109 of the
       First Amended Complaint are conclusions of law and mischaracterizations of fact to
       which no response is required; to the extent they are deemed allegations of fact, they are
       denied.  By way of further answer, Defendants aver that the involuntary bankruptcy
       petition is the best evidence of its contents.

110.   Admit the allegations in the first sentence of paragraph 110 of the First Amended
       Complaint.  The allegations in the second sentence of paragraph 110 of the First
       Amended Complaint are mischaracterizations of fact and arguments to which no response
       is required; to the extent they are deemed allegations of fact, they are denied.  Deny the
       allegation in the third sentence of paragraph 110 of the First Amended Complaint.  The
       allegations in the fourth sentence of paragraph 110 are conclusions of law,
       mischaracterizations of fact, and arguments to which no response is required; to the
       extent they are deemed allegations of fact, they are denied.

111.   Admit the allegations in the second clause of the first sentence of paragraph 111 of the
       First Amended Complaint that plaintiff demanded rescission of the Preferred Stock
       Purchase Agreement and payment of $2,000,000, but deny that Plaintiff made this
       demand immediately.  The allegations in the second sentence of paragraph 111 are

conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

112.  The allegations in paragraph 112 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

113.  The allegations in paragraph 113 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

114.  The allegations in paragraph 114 of the First Amended Complaint are conclusions of law and mischaracterizations of fact to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**AS AND FOR A RESPONSE TO COUNT I OF THE FIRST AMENDED COMPLAINT ALLEGING VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934
AND RULE 10b-5 THEREUNDER**

115.  Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

116.  The allegations in paragraph 116 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied in paragraph 116 of the First Amended Complaint are deemed allegations of fact, they are denied.

117.  The allegations in paragraph 117 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

118.   The allegations in paragraph 118 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver the Plaintiff itself established the price of Lab123's securities.

119.   The allegations in paragraph 119 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

120.   The allegations in paragraph 120 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

121.   The allegations in paragraph 121 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

122.   The allegations in paragraph 122 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

123.   The allegations in paragraph 123 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**AS AND FOR A RESPONSE TO COUNT II OF THE FIRST AMENDED COMPLAINT
ALLEGING VIOLATIONS OF SECTION 20(a)
OF THE SECURITIES EXCHANGE ACT OF 1934**

124.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

125.    The allegations in paragraph 125 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

126.    The allegations in paragraph 126 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

127.    The allegations in paragraph 127 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

128.    The allegations in paragraph 128 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

129.    The allegations in paragraph 129 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

130.    The allegations in paragraph 130 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

131.    The allegations in paragraph 131 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

132.    The allegations in paragraph 132 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

133.    The allegations in paragraph 133 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

134.    The allegations in paragraph 134 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

## AS AND FOR A RESPONSE TO COUNT III
## OF THE FIRST AMENDED COMPLAINT ALLEGING FRAUD

135.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

136.    The allegations in paragraph 136 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

137.    The allegations in paragraph 137 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

138.    The allegations in paragraph 138 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations

of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

139.   The allegations in paragraph 139 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

140.   The allegations in paragraph 140 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied..

141.   The allegations in paragraph 141 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

142.   The allegations in paragraph 142 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

143.   The allegations in paragraph 143 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

144.   The allegations in paragraph 144 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

145.   The allegations in paragraph 145 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further Answer,

Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed this action against Defendants Kent Connally and Jeremy J. Warner for lack of personal jurisdiction.

146.    The allegations in paragraph 146 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied. By way of further Answer, Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed this action against Defendants Kent Connally and Jeremy J. Warner for lack of personal jurisdiction.

147.    The allegations in paragraph 147 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**AS AND FOR THE DEFENDANTS' RESPONSE TO COUNT IV OF THE FIRST AMENDED COMPLAINTALLEGING NEGLIGENT MISREPRESENTATION**

148.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

149.    The allegations in paragraph 149 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

150.    The allegations in paragraph 150 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

151.    The allegations in paragraph 151 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

152.    The allegations in paragraph 152 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

153.    The allegations in paragraph 153 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

154.    The allegations in paragraph 154 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

155.    The allegations in paragraph 155 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**AS AND FOR DEFENDANTS' RESPONSE TO COUNT V OF THE FIRST AMENDED COMPLAINT ALLEGING BREACH OF THE PURCHASE AGREEMENT**

156.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

157.    The allegations in paragraph 157 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, Defendants admit that plaintiff and Lab123 executed a Stock Purchase Agreement; otherwise denies.

158.    The allegations in paragraph 158 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

159.    The allegations in paragraph 159 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the Stock Purchase Agreement is the best evidence of its contents.

160.    Admit that the Stock Purchase Agreement contains sections 4.6 and 4.15, and by way of further answer, aver that the Stock Purchase Agreement is the best evidence of its contents.  Defendants further aver that the Opinion and Order dated July 25, 2008 dismissed plaintiff's breach of contract claim to the extent it alleges a breach of the obligation to provide accurate audited financial statements.

161.    The allegations in paragraph 161 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Defendants further aver that the Opinion and Order dated July 25, 2008 dismissed plaintiff's breach of contract claim to the extent it alleges a breach of the obligation to provide accurate audited financial statements.

162.    The allegations in paragraph 162 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  Defendants further aver that the Opinion and Order dated July 25, 2008 dismissed plaintiff's breach of contract claim to the extent it alleges a breach of the obligation to provide accurate audited financial statements.

163.    Deny.  By way of further answer, Defendants aver that the Stock Purchase Agreement is the best evidence of its contents.

164.    Admit.  By way of further answer, Defendants aver that the allegations in paragraph 164 misquote the  Stock Purchase Agreement and that the Stock Purchase Agreement is the best evidence of its contents.

165.    Deny.  By way of further answer, Defendants aver that the allegations in paragraph 165 misquote NASD Rule 4200(a)(15) and that NASD Rule 4200(a)(15) is the best evidence of its contents.

166.    The allegations in paragraph 166 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

167.    The allegations in paragraph 167 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the Opinion and Order dated July 25, 2008 dismissed plaintiff's claim that Defendants breached paragraph 4.16 of the Stock Purchase Agreement.

168.    The allegations in paragraph 168 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By was of further answer, Defendants aver that the Opinion and Order dated July 25, 2008 dismissed plaintiff's claim that Defendants breached paragraph 4.16 of the Stock Purchase Agreement.

169.    The allegations in paragraph 169 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations

of fact, they are denied. By was of further answer, Defendants aver that the Opinion and Order dismissed plaintiff's breach of contract claim insofar as it alleged a breach of the duty to provide audited financial statements and/or appoint independent directors within the meaning of NASD Rule 4200(a)(15).

170. The allegations in paragraph 170 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

171. The allegations in paragraph 170 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

## AS AND FOR DEFENDANTS' RESPONSE TO COUNT VI OF THE FIRST AMENDED COMPLAINT ALLEGING BREACH OF THE LICENSING AGREEMENT

172. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

173. Deny. Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

174. Deny. Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

175. Deny. Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing

Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

176.    Deny.  Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

177.    Deny.  Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

178.    Deny.  Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

179.    Deny.  Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied in paragraph 179 are deemed factual allegations which require a response, they are denied.

180.    Deny.  Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing Agreement and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

181.    Deny.  Defendants aver that the Opinion and Order of the Court dated July 25, 2008

dismissed Count VI of the First Amended Complaint alleging Breach of the Licensing

Agreement and thus no response is required; to the extent they are deemed allegations of

fact, they are denied.

**AS AND FOR DEFENDANTS' RESPONSE TO COUNT VII OF THE FIRST AMENDED
COMPLAINT ALLEGING UNJUST ENRICHMENT**

182.    Defendants repeat and re-allege each and every response to every allegation set forth in

the preceding paragraphs..

183.    The allegations in paragraph 183 of the First Amended Complaint are conclusions of law

and mischaracterizations of the facts to which no response is required; to the extent they

are deemed allegations of facts; they are denied.

184.    Deny the allegation in the first sentence of paragraph 184.  Admit the allegation in the

second sentence of paragraph 184 of the First Amended Complaint that Lab123 utilized

$1,000,000 as partial payment in exchange for licenses pursuant to the Licensing

Agreement with Biosafe Labs.  By way of further answer, Defendants aver that the

Licensing Agreement between Lab123 and Biosafe Labs is the best evidence of its

content.  Defendants deny the remaining allegations in the second sentence of paragraph

184 of the First Amended Complaint.

185.    The allegations in paragraph 185 are conclusions of law and mischaracterizations of the

Licensing Agreement to which no response is required; to the extent they are deemed

allegations of fact, they are denied.  By was of further answer, Defendants aver that the

Licensing Agreement is the best evidence of its contents.

186.    The allegations in paragraph 186 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

187.    Deny.

188.    The allegations in paragraph 188 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

189.    The allegations in paragraph 189 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver that the Plaintiff's chairman and Chief Executive Officer, Andrew Worden, concealed his criminal record and SEC disciplinary history and thus plaintiff does not have "clean hands" and may not seek an equitable remedy.

190.    The allegations in paragraph 190 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.

191.    The allegations in paragraph 191 of the First Amended Complaint are conclusions of law and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

192.    The allegations in paragraph 192 of the First Amended Complaint are conclusions of law, mischaracterizations of fact and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

193.    The allegations in paragraph 193 of the First Amended Complaint are conclusions of law and argument to which no response is required; to the extent they are deemed allegations of fact, they are denied.  By way of further answer, Defendants aver the Plaintiff's managing director, Andrew Worden, concealed his criminal record and SEC disciplinary history and thus plaintiff does not have "clean hands" and may not seek an equitable remedy.

194.    The allegations in paragraph 194 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

195.    The allegations in paragraph 195 of the First Amended Complaint are conclusions of law and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

### AS AND FOR DEFENDANTS' RESPONSE TO COUNT VIII OF THE FIRST AMENDED COMPLAINT ALLEGING CONVERSION

196.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

197.    The allegations in paragraph 197 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

198.    The allegations in paragraph 198 of the First Amended Complaint are conclusions of law and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

199.    The allegations in paragraph 199 of the First Amended Complaint are conclusions of law and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

200.    The allegations in paragraph 200 of the First Amended Complaint are conclusions of law and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

201.    The allegations in paragraph 201 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

202.    The allegations in paragraph 202 of the First Amended Complaint are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**AS ANS FOR DEFENDANTS' RESPONSE TO COUNT IX OF THE FIRST AMENDED COMPLAINT ALLEGING VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

203.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs.

204.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

205.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer

Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

206.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

207.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

208.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

209.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

210.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

211.    Defendants aver that the Opinion and Order of the Court dated July 25, 2008 dismissed Count IX of the First Amended Complaint alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and thus no response is required; to the extent they are deemed allegations of fact, they are denied.

### AS AND FOR DEFENDANTS' RESPONSE TO COUNT X OF THE FIRST AMENDED COMPLAINT ALLEING VIOLATION OF THE ILLINOIS SECURITIES LAW OF 1953

212.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding paragraphs..

213.    The allegations in paragraph 213 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

214.    The allegations in paragraph 214 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

215.    The allegations in paragraph 215 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

216.    The allegations in paragraph 216 of the First Amended Complaint are conclusions of law and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

217.    The allegations in paragraph 217 of the First Amended Complaint are conclusions of law, mischaracterizations of fact, and arguments to which no response is required; to the extent they are deemed allegations of fact, they are denied.

**AS AND FOR DEFENDANTS' RESPONSE TO COUNT XI OF THE FIRST AMENDED
COMPLAINT ALLEGING FRAUD IN THE INDUCEMENT**

218.    Defendants repeat and re-allege each and every response to every allegation set forth in
the preceding paragraphs.

219.    The allegations in paragraph 219 of the First Amended Complaint are conclusions of law
and arguments to which no response is required; to the extent they are deemed allegations
of fact, they are denied.

220.    Deny.

**AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE**

221.    The claims for relief alleged in the First Amended Complaint fail to properly state,
specify or allege, in whole or in part, a claim upon which relief may be granted.

**AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE**

222.    To the extent that Plaintiff has been injured and/or damaged as alleged in the First
Amended Complaint, such injuries and/or damages were caused in whole or in part as a
result of the Plaintiff's own culpable conduct, which precludes and/or limits his ability to
recover herein.

**AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

223.    Plaintiff is a self-proclaimed sophisticated investor within the meaning of Rule 501 of
Regulation D of the Securities Act of 1933.  Plaintiff drafted the terms of all oral
documents, including the Stock Purchase Agreement, controlled the terms on which it
made its investment in Lab123.  Plaintiff had ample opportunity to conduct due diligence
before executing the Stock Purchase Agreement.  As a sophisticated investor, plaintiff
had the ability to evaluate the risk of its investment and understood that execution of the

Stock Purchase Agreement involved a high degree of risk. Whatever damages that were sustained by Plaintiff as a result of its transaction with Lab123 as alleged in the First Amended Complaint were the result of Plaintiff's assumption of risk, in realizing and knowing the risks involved with such a transaction, and that they assumed all the risks necessarily incidental to such an undertaking.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

224.    Defendants have fully performed under the Preferred Stock Purchase Agreement.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

225.    Defendants have fully performed under the License Agreement.

226.    To fulfill their obligations under the Preferred Stock Purchase Agreement, Defendants were forced to bear numerous cost, including the cost of legal and accounting services, salaries, and other overhead and administrative costs which they would not have incurred in the absence of the Stock Purchase Agreement between Lab123 and Barron such costs would otherwise not have been borne.

227.    Additionally, in connection with performing all of their obligations under the Preferred Stock Purchase Agreement, Defendants were required to compensate Lab123's officers, directors and staff, such costs would otherwise not have been borne. Accordingly, to the extent Defendants have any liability under any theory whatsoever.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

228.    Specifically, plaintiff concealed that its chairman, Chief Executive Officer, Andrew Barron Worden pled guilty to one count of wire fraud in connection with the sale of securities in violation of 18 U.S.C. § 1343 and that he agreed to the terms of a consent

injunction after being sued by the Securities Exchange Commission for violation

numerous provisions of the federal securities laws.

As a result of these material omissions, Plaintiff does not have "clean hands," and thus,

the doctrine of unclean hands precludes him from recovering on any equitable claims or

remedies.

229.    This indictment was based upon Mr. Worden's scheme to defraud various broker-dealers

by representing to the broker dealers that he was a wealthy creditworthy securities trader

230.    The doctrine of Unclean Hands bars Plaintiff from asserting and/or recovering damages

for some or all of the causes of action contained in the First Amended Complaint.

## AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

231.    Plaintiff's causes of action seeking recovery based on fraud theories are barred and must

be dismissed due to the lack of specificity required under Rule 9(b) of the Federal Rules

of Civil Procedure.

## AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

232.    Plaintiff has failed to mitigate its damages.

## AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

233.    There are valid, binding, integrated, and enforceable agreements governing the

relationships of the parties, the rights and obligations of the parties and the subject matter

and issues alleged in the First Amended Complaint.

234.    Specifically, Lab123 entered into the Stock Purchase Agreement with Plaintiff.  The

Stock Purchase Agreement is a valid, binding, integrated and enforceable agreement that

governs all the rights and obligations of both Lab123 and Plaintiff with respect to the

facts and causes of action alleged in Plaintiff's First Amended Complaint.   The Stock

Purchase Agreement does not give Plaintiff any right to enforce the Licensing Agreement between Lab123 and Biosafe Labs.

235.    Additionally, Lab123 entered into a Licensing Agreement with Biosafe Labs, which is a valid, binding, integrated and enforceable agreement that governs the rights and obligations of Lab123 and Biosafe Labs.  By Opinion and Order dated July 25, 2008, the Court held that Plaintiff was not a third-party beneficiary to this Licensing Agreement.

236.    There is no dispute as to the validity or enforceability of the Preferred Stock Purchase Agreement.  There is likewise no dispute, among parties who have standing to dispute, the validity and enforceability of the Licensing Agreement.

237.    The existence of these valid and enforceable contracts bars Plaintiff's claims for fraud, unjust enrichment, conversion, and its common law fraud claims, its fraud in the inducement claims, and its statutory claims.

## AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM AGAINST PLAINTIFF FOR FRAUDULENT INDUCEMENT

238.    According to Plaintiff's website, Plaintiff "is a private investment fund specializing in micro-cap companies" and has "approximately $200 million in assets."

239.    Plaintiff's website also states that Plaintiff "assists and invests in private companies that commit to immediately go public."  Plaintiff contends that it helps "theses companies by introducing them to proven professionals including lawyers and accountants to navigate the through the going public process cost effectively and painlessly."

240.    Plaintiff promised to assist Defendants in creating Lab123 and taking it public and thus had a fiduciary duty to provide those services with appropriate care and honesty.

241.    Plaintiff's website also claims that Andrew Barron Worden, Plaintiff's Chairman and Chief Executive Officer, has "over 20 years of experience founding, managing, planning, analyzing, and investing with public and private companies."

242.    However, Plaintiff's website does not disclose that Mr. Worden pled guilty to a one count information charging him with wire fraud in connection with the sale of securities in violation of 18 U.S.C. §1343.  Specifically, Mr. Worden pled guilty to using interstate wire communications to engage in an elaborate scheme of "free-riding" in which he purported to purchase and sell securities without putting his own funds at risk.

243.    Likewise, Plaintiff's website does not disclose that the Securities and Exchange Commission ("SEC") brought a civil enforcement action against Mr. Worden which alleged that Mr. Worden violated numerous provisions of the federal securities law; or that Mr. Worden entered into a consent decree which required Mr. Worden to disgorge $673,432.66 to resolve that civil enforcement action.

244.    Plaintiff never informed Defendants of Mr. Worden's indictment or guilty plea.

245.    Plaintiff never informed Defendants that the SEC brought a civil enforcement action against Mr. Worden.

246.    Mr. Worden's criminal conviction and SEC disciplinary history are clearly facts that are material to evaluating any transaction with Plaintiff.   Indeed, such facts would be material to evaluating any investment.  See Emergent Capital Inv. Mgmt. LLC v. Stonepath Group Inc., 343 F.3d 189, 192, 196 (2d Cir. 2003).  Furthermore, these facts are material to evaluating any transaction that contemplates the creation of a publicly traded company

247.   Indeed, Plaintiff's own actions during its due diligence process demonstrate that Plaintiff itself believed that if a director or officer has a criminal record and/or litigation and investigation history,  such facts would be material to evaluating the risks and benefits of the transaction.

248.   As part of its due diligence process, in June 2006, Plaintiff asked Defendants to complete Plaintiff's Form DOB: Director/Officer Background ("Form DOB"), which sought information about the criminal records, litigation history and investigation history of the prospective officers and directors of Lab123.

249.   Section 8 of Plaintiff's Form DOB required all directors and officers to disclose the details of any "Litigation, Censure, Sanction" and requested the responder to:

> Provide complete detail of any litigation, civil or criminal; past or present; settled or unsettled; resolved or unresolved in any jurisdiction indicating the status of such cases, any censure or sanctions you have received or license revocation from any professional group or licensing authority….Please make sure to include any personal or business legal proceedings or bankruptcy proceedings in which you have been or may have been named.  IF NONE, YOU MUST WRITE 'NONE.'"

250.   Additionally, Section 9 of Plaintiff's Form DOB required all officers and directors to disclose the details of their "Employment, Business and Investment history," and requested the responder to answer the following question:

> To your knowledge has any business organization, its officers, directors or general partners of which you are/were an officer, director or general partner or in which you have or had a controlling interest (for these purposes, defined as owning a larger percentage than any other shareholder) been subject to a criminal investigation or prosecution in any jurisdiction (whether or not convicted of a crime) during the period of and five years following your employment, investment or affiliation?  If so, indicate all relevant details including whether you were personally convicted, names of all legal representatives, time of action, court, case

number, jurisdiction, and reason for such action.  IF NONE, YOU
MUST WRITE "NONE".

251.    Likewise, Section 10 of Plaintiff's Form DOB required all directors and officers to

disclose the details of their "Personal Criminal History," and requested the responder to

answer the following question:

> Have you ever been charged or convicted of any crime in any
> jurisdiction other than in response to Section 9?  If so, indicate all
> relevant details including names of all legal representatives, time
> of action, court, case number, jurisdiction, and reason for such
> action.  IF NONE YOU MUST WRITE "NONE".

252.    In addition, Section 11 of Plaintiff's Form DOB requires the officers and directors to

disclose "Indictments and Outstanding Warrants," and requested that the responder

answer the following question:

> To your knowledge are you or any other executive, director or
> general partner of your current employer/entity the subject of any
> indictment, warrant, arrest, questioning, hearing or judgment
> including civil arrest warrants in any jurisdiction?  If so, indicate
> all relevant details including court, judge, attorney, agency,
> offense, jurisdiction, time of action, reason for such action and any
> other relevant details.  IF NONE, YOU MUST WRITE "NONE".

253.    Moreover, in Section 13 of Plaintiff's Form DOB requires the officers and directors to

provide "Employment, Business, and Investment Investigation History," and requested

that the responder answer the following question:

> Has any business organization of which you are/were an officer,
> director or general partner or in which you have or had a
> controlling interest (for these purposes, defined as owning a larger
> percentage than any other shareholder) been subject to any
> investigation by, or been a party to any litigation with, any
> international, federal, state or local agency in any jurisdiction
> during the period of an five years following you reemployment,
> investment or affiliation?  If so, indicate all relevant details
> including names of all legal representatives, time of action, court,
> case number, jurisdiction, and reason for such action.  IF NONE,
> YOU MUST WRITE "NONE".

254.  In sum, Plaintiffs' standard due diligence documents required all prospective directors and officers of Lab123 to provide detailed responses to five separate questions regarding their criminal records, civil litigation history, and investigative history.  Plaintiffs' standard due diligence documents thus demonstrate that Plaintiff believed the existence of any criminal record or civil litigation or investigative history was a material fact that needed to be disclosed and evaluated before Plaintiff decided to execute any transaction or make any investment.

255.  Despite the fact that Plaintiff itself asked extensive questions about the criminal, civil litigation, and investigative history of the prospective directors and officers of Lab123, Plaintiff did not disclose Mr. Worden's own criminal record or the fact that he had been sued by the SEC for civil violations of the Federal securities laws at any time during the negotiation of the Stock Purchase Agreement or at any time thereafter.

256.  Given the number of questions that Plaintiff asked regarding the director's and officer's criminal record, civil litigation, and investigative history, Plaintiff's failure to disclose Worden's own criminal record and litigation history was not a mistake, accident, or oversight.

257.  Plaintiff concealed the material facts concerning Worden's criminal history and litigation with the SEC because Plaintiff knew that Defendants would be reluctant to execute a transaction with Plaintiff that contemplated the creation of a public traded company.

258.  By failing to disclose Worden's criminal record and the fact that he had been sued by the SEC for civil violations of the Federal securities laws, Plaintiff deprived Defendants of the opportunity to evaluate whether Worden's past record impacted his truthfulness and

integrity and deprived Defendants of the opportunity to fully evaluate the risks bona fides of the transaction contemplated by the Stock Purchase Agreement.

259. Plaintiffs fraudulently induced Lab123 to execute the Stock Purchase Agreement by failing to disclose the material facts concerning Worden's criminal history and his litigation with the SEC.

260. Indeed, Lab123 would not have executed the Stock Purchase Agreement if Defendants had known about Worden's criminal history or the fact that he had been sued by the SEC and agreed to a consent injunction.

261. As a result of executing the Stock Purchase Agreement, Defendants changed position to fulfill their obligations under the Stock Purchase Agreement and, consequently, incurred substantial expenses. These expenses include, but are not limited to, the cost of the legal and administrative fees associated with incorporating Lab123, the costs of the legal, accounting, and administrative fees associated with creating and filing the necessary paperwork to register Lab123 as a public traded company, the costs of a hiring and paying all Lab123 employees, agents, consultants, officers, and directors, and any and all business expenses incurred by Lab123, including but not limited to all rent, advertising, business development expenses, and ongoing business and administrative overhead expenses.

262. Accordingly, as a result of Plaintiff's wrongful conduct and its fraudulent efforts to conceal material facts to induce Lab123 to execute the Stock Purchase Agreement, Defendants suffered substantial damages, in excess of $1,000,000, in an amount to be determined at trial.

WHEREFORE, Defendants respectfully request the Court to:

A.  Dismiss with prejudice the First Amended Complaint in its

entirety, and enter judgment in favor of Defendants;

B.  Award damages in favor of Defendants and against Plaintiff in an

amount to be determined at trial;

C.  Award Defendants attorneys' fees and costs and such other and

further relief as the Court deems just and proper.

Dated:  Woodbury, New York
        August 11, 2008

> KAUFMAN DOLOWICH & VOLUCK LLP
> Attorneys for Defendants
> LAB123, INC., BIOSAFE MEDICAL
> TECHNOLOGIES, INC., BIOSAFE
> LABORATORIES, INC., HENRY A. WARNER,
> and ROBERT TRUMPY
>
> /s/ Janene M. Marasciullo
> Janene M. Marasciullo (JMM-0007)
> Todd D. Kremin (TK-0102)
> 135 Crossways Park Drive, Suite 201
> Woodbury, NY 11797
> (516) 681-1100
> (516) 681-1101 (fax)
> jmarasciullo@kdvlaw.com

ND: 4838-0358-7586, v. 1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2008, a true and correct copy of DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM was filed electronically with the court using the CM/ECF system, which sent notification to the following parties:

Barry Richard Lax
The Lax Law Firm
444 Park Avenue South, 11th Floor
New York, NY 10016


/s/ Janene M. Marasciullo
Janene M. Marasciullo (JMM-0007)


ND: 4839-0615-1682, v. 1